UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD NICHOLAS GERACI,

    Plaintiff,

    v.

HARBOR FREIGHT TOOLS USA, INC.,

    Defendant.

Case No. 23-2066-EFM-GEB

# ORDER
## AND NOTICE OF COURT'S INTENT TO ISSUE SANCTIONS

On **October 20, 2023**, U.S. Magistrate Judge Gwynne E. Birzer conducted a discovery and status conference upon the request of Plaintiff. Plaintiff Ronald Geraci appeared through counsel, Benjamin Fields. Defendant Harbor Freight Tools appeared through counsel, Kevin Krueger.

The purpose of the conference was two-fold: 1) to request extension of time to file a motion to compel production of documents previously addressed during a prior conference on September 21, 2023; specifically, a supply agreement which Plaintiff believes to be within Defendant's possession or control; and 2) to discuss modification of the schedule. Because the document production bears on whether the Court believes enlargement of the deadlines in this case are warranted, it will first address the production issue.

1. **Motion To Compel Production of Supply Agreement**

Upon inquiry regarding the status of the production, Plaintiff explained conferral of the parties indicated information in the supply agreement or similar document is anticipated to include the engineering or design aspects of the breaker bar at issue in this case, including the price, quantity, and provisions regarding use of the breaker bar. While Defendant attempted production of documents responsive to the request, the Court, upon review of Defendant's production, noted it was abundantly clear the documents produced by Defendant were not wholly responsive. The Court believes based on the representation of the parties, the documents requested by Plaintiff regarding the breaker bar are relevant to both the claims and defenses in this case, and must either be produced or certified by counsel that the specific documents do not exist. Phrases such as "... unable to locate at this time, or... unable to locate to the best of our knowledge" will not suffice. Because the documents are from Defendant's supplier of products which Defendant continues to market and sell, the Court believes production of any agreements in this regard is within the possession and control of Defendant.

Although Plaintiff was encouraged to engage in the Fed. R. Civ. P. 45 process to obtain the requested documents on its own behalf, if it is determined that the supplier is an international company, Plaintiff may be forced to request a Fed. R. Civ. P. 45 subpoena according to the Hague Convention regulations. This would be a hardship on the progress of this case as well as the Court's efforts to control management of this case. Defendant's counsel was uncertain whether the supplier company is international, and upon the Court's

review of the "Supplier Conduct Manual" produced by Defendant, the Court was equally uncertain.

Therefore, as the Court determined the documents requested by Plaintiff are relevant and within the possession and control of the Defendant, it had until the close of business on October 27, 2023, to produce documents clearly and unequivocally responsive to this case. Failure to do so will result in a sanction of $1,000.00 per day for every day the documents are not produced. By October 27, 2023, if upon a diligent search of documents responsive to Plaintiff reveals they do not exist, Defendant shall unambiguously certify upon a diligent search, the documents do not exist. The time to file a motion to compel production of documents is hereby extended to November 20, 2023.

The Court also considered the parties' request to modify the Scheduling Order. (ECF No. 22).

**2. Modification of the schedule**

The Court is not inclined to modify the entire schedule, but because of Plaintiff's difficulty in obtaining the documents previously requested, his deadline to disclose experts is extended to up to and including **November 30, 2023**. Also, the deadline to engage in Fed. R. Civ P. 35 practice regarding whether physical and/or mental examination is warranted and is extended to up to and including **December 15, 2023**.

All other deadlines and provisions of the Scheduling Order (ECF Nos. 22, 38) continue to govern this case. The Court will not further modify the Scheduling Order absent a showing of good cause.

Should the Court impose the sanctions set forth herein, it will be done under separate order, and payment will be required within thirty days.

IT IS SO ORDERED.

Dated November 7, 2023, at Wichita, Kansas.

>                             <u>s/ Gwynne E. Birzer</u>
>                             GWYNNE E. BIRZER
>                             U.S. Magistrate Judge